

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CIVIX-DDI, LLC,

        Plaintiff,

v.                                                          Case No.: 2:12cv2

LOOPNET, INC.,

        Defendant.

<u>OPINION AND ORDER</u>

This matter is before the Court on Loopnet, Inc.'s ("Loopnet") Motion to Transfer Venue to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). ECF No. 57. For the reasons set forth herein, the defendant's motion to transfer is **GRANTED**.

## I.   FACTUAL AND PROCEDURAL HISTORY

The plaintiff, CIVIX-DDI, LLC ("Civix"), filed a complaint on January 3, 2012. Civix accuses defendant Loopnet of infringing U.S. Patent No. 6,385,622 ("the '622 patent") and U.S. Patent No. 6,415,219 ("the '291 patent"). Both patents deal with a technology known as a "local search" and describe the "system and methods for remotely accessing a selected group of items from a database." See ECF No. 1, Exhibits A-B. Civix alleges that Loopnet has infringed its patents by making, using, offering for sale, selling, operating and providing real estate searching systems through the *www.loopnet.com* website.

1

Civix is a Colorado limited liability company with an alleged principal place of business in Alexandria, Virginia.[1] Loopnet is a Delaware corporation having its principal place of business in San Francisco, California. Loopnet provides location-based searching systems and services for commercial properties throughout the United States, including Virginia.[2]

On July 11, 2012, Loopnet filed the instant Motion to Transfer Venue to the Northern District of Illinois. ECF No. 56. Civix filed its opposition memorandum on July 25, 2012, ECF

---

[1] The Complaint identifies the plaintiff's principal place of business as Alexandria, Virginia. The plaintiff's filings before the Court indicate that Virginia has been Civix's principal place of business since 2003. Opposition to Motion to Transfer at 1, ECF No 64. However, the defendant has submitted documentation which reveals Civix filed a complaint in the Northern District of Illinois in 2006 alleging that Chicago, Illinois was its principal place of business. See ECF No. 58, Exhibits 4, 10, 11. Furthermore, when questioned by the Court on this inconsistency during oral argument, Civix stated that it was in fact sometime after 2006 that their principal place of business shifted from Illinois to Virginia, although counsel could not tell the Court exactly when that shift occurred.
[2] On May 14, 2012, Civix filed a Motion to Amend its Complaint to add Costar as an additional defendant since Costar had recently acquired Loopnet as a wholly-owned subsidiary. ECF No. 39. On June 21, 2012, this Court denied that motion explaining that any alleged infringement prior to the acquisition of Loopnet was a separate matter and thus could not be properly joined in the instant suit. ECF No. 52. As a result of this unsuccessful attempt by Civix to amend the instant complaint, Costar filed a complaint seeking a declaratory judgment of non-infringement and invalidity against Civix regarding the patents-in-suit in the Northern District of Illinois on June 21, 2012. Case No. 1:12cv4968, N.D. IL. Civix responded by filing a Motion to Transfer the Costar litigation to the Eastern District of Virginia. That motion is currently pending before the Northern District of Illinois.

2

No. 64, and a reply memorandum was filed by Loopnet on August 8, 2012, ECF No. 70.  On August 16, 2012, the Court rescheduled the Markman hearing and jury trial in this matter due to the Court's docket congestion and reset the matters for October 16, 2012 and February 5, 2013 respectively.  On August 29, 2012, this Court heard oral argument on the Motion to Transfer.  The Court took the matter under advisement and now issues its findings as set forth below.

## II.  LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according an 'individualized, case-by-case consideration of convenience and fairness.'"  Steward Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)); see also Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) (recognizing the discretion the district court has to transfer to a more convenient forum).  The burden is on the movant to show that transfer pursuant to Section 1404(a) is proper.  Cognitronics, 83 F. Supp 2d at 696.

In a patent infringement action, such motions to transfer venue pursuant to Section 1404(a) are governed by the law of the regional circuit in which the Court sits. See Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

In order to determine whether a transfer of venue is appropriate, "a district court must make two inquires: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). As part of the second inquiry, a plaintiff's choice of forum should be given substantial weight as "[i]t is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer . . . ." Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 623-24 (E.D. Va. 2002).

## III. DISCUSSION

### A. Jurisdiction of the Potential Transferee Forum

In order to determine whether the transferee court is a district where the cause of action "might have been brought," the Court must determine whether Plaintiff's claims could have been brought in the transferee court initially. Agilent Techs., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 325 (E.D. Va. 2004). The phrase "might have been brought" has been

4

interpreted to mean that "when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant." Hoffman v. Blaski, 363 U.S. 335, 344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); see also Agilent, 316 F. Supp. 2d at 324 (noting that a court must first determine whether claims could be brought in the transferee court before considering whether to transfer venue). If the claims could have been brought in the transferee court initially, the subsequent decision to transfer venue is within the discretion of the court. One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 828 (E.D. Va. 2004) (citing Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 591 (E.D. Va. 1992)).

Under 28 U.S.C. § 1400(b), venue in patent infringement lawsuits is proper in any "district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).[3] A corporate defendant resides in any

---

[3] In its Complaint, the plaintiff merely states venue is appropriate in the Eastern District of Virginia under section 1400(b). However, it appears the second portion of section 1400(b) would not support venue in this district [or in the Eastern District of Illinois]. In a district where the defendant does not reside, venue is only proper where the defendant has committed acts of infringement and has a regular and established place of business. It does not appear that the defendant has such a place of business in Virginia [or in the Eastern District of Illinois] that would support venue under the second prong. The first part of section 1400(b), however, looks to the district in which the defendant resides. For venue

district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Both parties agree that Civix's patent infringement claims could have been brought in the Northern District of Illinois. Civix's Opposition to Motion to Transfer at 5, ECF No. 64; Loopnet's Motion to Transfer at 9, ECF No. 57. Civix's Complaint alleges it is a Colorado limited liability company having a principal place of business at 1220 Prince Street, Alexandria, Virginia 22314.[4]  Complaint, ECF No. 1 at ¶ 1. However, Plaintiff is also currently registered as a foreign limited liability company authorized to transact business in Illinois. ECF No. 58, Exhibit 27.

Additionally, since Loopnet is an internet company that does business in Illinois, it too has sufficient contacts to support personal jurisdiction there. Moreover, it appears Civix has repeatedly availed itself of the jurisdiction of the Northern District of Illinois through the filing of numerous patent infringement lawsuits, and at least one such lawsuit is still

---

purposes, a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Cognitronics, 83 F. Supp. 2d at 691.  If infringing sales have been made in this district [or in the Eastern District of Illinois], then it appears personal jurisdiction likely exists, as does venue.

[4] At least as late as August 24, 2006, Civix alleged its principal place of business was 125 South Wacker Drive, Suite 326, Chicago, Illinois 60606.  ECF No. 58, Exhibit 11.

currently pending. Civix v. Hotels.com, et al., N.D. Ill. Case No. 05cv06869. Therefore, it is clear this civil action "might have been brought" in the Northern District of Illinois. See 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(c).

## B. Plaintiff's Choice of Forum / Convenience to Parties and Witnesses

The second prong of the 1404(a) analysis has the Court consider several factors to determine whether to transfer venue. These factors include: "'(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice.'" One Beacon Ins. Co., 312 F. Supp. 2d at 828 (quoting BHP Int'l Inv., Inc. v. Online Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000)). The principal factors to consider, however, are Plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice. Koh, 250 F. Supp. 2d at 633.

### 1. Plaintiff's Choice of Forum

Loopnet argues that little deference should be given to Civix's choice of the Eastern District of Virginia as a forum because Civix is a non-practicing entity whose main business is

enforcing its intellectual property rights. Loopnet therefore argues that Civix has minimal ties to Virginia. Civix responds that it has been a "resident" of the Eastern District of Virginia for nine years because its principal, William Semple, has lived in the Eastern District of Virginia since 2002.[5] ECF No. 64. Plaintiff also states that it "formally changed its primary place of business from Colorado to within the Eastern District of Virginia" in 2003. Id.

Generally, a plaintiff's choice of forum is entitled to substantial weight. See Heinz Kettler GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010); Koh, 250 F. Supp. 2d at 623. However, the weight accorded to this choice varies and "the greater the connection between a plaintiff's chosen forum and the plaintiff's cause of action, the more weight a court will give to the plaintiff's choice." Agilent Techs., Inc., 316 F. Supp. 2d at 327; see GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). In patent infringement cases, the preferred forum is generally "the center of accused activity." Acterna v. Adtech, Inc., 129 F. Supp. 2d 936, 939 (E.D. Va. 2001); see Agilent Techs., Inc., 316 F. Supp. 2d at 326 (noting that preferred forum for patent

---

[5] Specifically, Civix explains that its principal, William Semple, moved from Colorado to Delaphane, Virginia in 2002. ECF No. 64 at 2. Then in 2008, Mr. Semple moved to Alexandria, Virginia where he continues to reside. Id.

infringement cases is where majority of witnesses and evidence are located).

Here, Civix alleges that its principal has resided in the Eastern District of Virginia for nine years and that in 2003 Civix made the Eastern District of Virginia its principal place of business.  Opposition to Motion to Transfer at 1, ECF No. 64. However, Civix has offered nothing to support its allegations. In contrast, Loopnet has provided the Court with a copy of complaints filed in the Northern District of Illinois in 2005 and 2006 in which Civix alleges its principal place of business is in Chicago, Illinois.  See ECF No. 58, Exhibits 4, 10, 11. During oral argument, when confronted with this documentation, Civix conceded to the Court that it was not actually until "sometime after 2006" that Civix's principal place of business was changed from Illinois to Virginia, although counsel could not tell the Court exactly when that transition occurred. Nevertheless, even if the Court were to ignore these inconsistencies and assume Plaintiff's principal place of business is in Virginia, Civix does not appear to dispute that it is a non-practicing entity whose only business is the enforcement of its intellectual property rights.  Thus, Civix has no manufacturing facilities, operations, offices, or employees that are located in this district besides its principal, Mr. Semple, who owns a home in Alexandria, Virginia.

Furthermore, it also appears Mr. Semple does not work full time for Civix and that Civix is just a side business as Plaintiff's brief states Mr. Semple originally moved to the Virginia area to "take a job in Washington D.C.."[6] Opposition to Motion to Transfer at 2, ECF No. 64; see, Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 995 (E.D. Va. 2011) (noting that Plaintiff's choice of forum would be given "minimal weight" where Plaintiff is a non-practicing entity and its "only employee in this district is a co-owner who has owned a home in Alexandria since 2007 and works here part-time"). Thus, the only connection the underlying claim and Loopnet have to Virginia is that Loopnet is an internet based company whose "location-based searching services are regularly used throughout" this district. Complaint at ¶ 2, ECF No. 1; see Acterna, 129 F. Supp. 2d at 938 (noting that "federal courts are not solicitous of plaintiffs claiming 'substantial weight' for their forum choice where the connection with the forum is limited to sales activity without more").

Although Plaintiff's choice of forum generally weighs against transfer, it appears the actual connection between this forum and Plaintiff's underlying cause of action is weak. Thus, because this district lacks significant contacts with the claim,

---

[6] During oral argument, Plaintiff's counsel conceded that Mr. Semple does not work full time for Civix and instead is currently working in real estate.

Plaintiff's choice of forum will not be given great weight. See Glamorgan Coal Corp. v. Ratners Group PLC, 854 F. Supp. 436, 438 (W.D. Va. 1993)(noting that although Plaintiff filed in its home forum, "the district's lack of significant contact with [the underlying] claim makes this factor neither dispositive nor conclusive").

### 2. Convenience of the Parties and Witnesses

The Court must next weigh the convenience to the parties and witnesses in litigating in either venue. Assessment of this factor requires courts to consider the "ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process." Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 693 (E.D. Va. 2007) (quoting Samsung Elecs. Co v. Rambus, Inc., 386 F. Supp. 2d 708, 717 n.13 (E.D. Va 2005)).  The party asserting witness inconvenience "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." Koh, 250 F. Supp. 2d at 636.  Additionally, "the convenience of non-party witnesses should be afforded greater weight [than the convenience of party witnesses] in deciding a motion to transfer." Samsung, 386 F. Supp 2d. at 718.  As the moving party, Loopnet must demonstrate that the Eastern District of Virginia is "an inconvenient forum in which

11

to litigate, not simply that the [Northern District of Illinois] would be more convenient." Id. at 718 n.15.

Loopnet argues that "Illinois is a far more convenient forum . . . given that it is an internet company with no business operation in Virginia." Motion to Transfer, ECF No. 57 at 2. Loopnet goes on to argue that Illinois is a "convenient middle ground" as Loopnet is headquartered in San Francisco and the majority of its witnesses will be coming from the West Coast. Id. at 9. Loopnet also points out that Civix's lead counsel resides in Illinois and that Civix's main witnesses (the three inventors) have made themselves available in the Northern District of Illinois before and thus should be able to again. Id. In contrast, though Civix concedes that "[t]he Northern District of Illinois may not be particularly inconvenient," Civix argues that the Eastern District of Virginia is the *most* convenient forum. Opposition to Motion to Transfer at 8, ECF No. 64. Civix also identifies two non-party witnesses (co-inventors of the patents-in-suit) who "may" be inconvenienced by a transfer of this litigation as they reside in the Western District of Virginia and Maryland. Id. at 9. Civix also notes that it is likely Costar's (the entity that recently acquired Loopnet) officers and employees will be called to testify and will likely be inconvenienced by a transfer since Costar is located in Washington, D.C.

The convenience or inconvenience of the potential witnesses identified by both Loopnet and Civix is accorded little weight in the transfer analysis because both parties have failed to provide specific details regarding the degree of inconvenience and how each witness's testimony will be material and non-cumulative. Koh, 250 F. Supp. 2d at 636. All of Loopnet's employees and potential witnesses are located in California and thus the degree of inconvenience from a somewhat longer flight from California to Virginia as opposed to California to Illinois appears to be slight.[7] Furthermore, Civix's argument that Virginia is more convenient since its principal, and two co-inventors of the patent-in-suit reside in or around the Virginia/DC/Maryland area, is not given much weight as Civix has repeatedly initiated litigation regarding the patents-in-suit in the Northern District of Illinois in the last nine years (during which time Civix alleges its principal place of business has been in Virginia) and presumably these witnesses were able to travel to Illinois without problem.

---

[7] Loopnet also noted that lead counsel for Civix, and presumably the relevant documentation, were located in Illinois. However, "no consideration is given to the convenience of counsel" for otherwise a plaintiff could ship relevant documents and evidence to counsel in any district and use it as a basis for defeating a motion to transfer and establishing venue. See Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 571 (E.D. Va. 2005); Cognitronics, 83, F. Supp 2d at 698.

Thus, based on the limited information provided to the Court on witness and party convenience, it appears the Northern District of Illinois is an equally convenient forum (or perhaps equally inconvenient) as the Eastern District of Illinois. Though the Eastern District of Virginia is proposed to be Plaintiff's home forum, with only a single employee having residence in this district, this factor does not weigh heavily in favor of either party.

## C. Interest of Justice

Last, Section 1404(a) requires that a court consider the "interest of justice," a consideration of factors unrelated to witness and party convenience. The interest of justice factor "encompasses public interest factors aimed at 'systemic integrity and fairness,'" with the most prominent considerations being "judicial economy and the avoidance of inconsistent judgments." Byerson v. Equifax Info. Servs, LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting Samsung, 386 F. Supp. 2d at 721). In analyzing this factor courts should consider circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, and the

possibility of harassment."[8]  Bd. Of Trustees v. Baylor Heating and Air Conditioning, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). Systemic integrity must also take into account a party's attempt to forum shop and to avoid "the force and effect of adverse rulings in prior litigation." Samsung, 386 F. Supp. 2d at 721.

"When related actions are pending in the transferee forum, the interest of justice is generally thought to 'weigh heavily' in favor of transfer." Samsung, 386 F. Supp. 2d at 721 (quoting U.S. Ship Mgmt. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 937 (E.D. Va. 2005)).  This is especially true "where a party has previously litigated a case involving similar issues and facts [because] 'a court in that district will likely be familiar with the facts of the case.  As a matter of judicial economy, such familiarity is highly desirable.'" U.S. Ship Mgmt, 357 F. Supp. 2d at 938 (citing LG Electronics, Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 815 (E.D. Va. 2001)).

Loopnet argues that transfer is appropriate under the "related actions" consideration for two reasons: 1) there are currently two pending lawsuits in the Northern District of Illinois based on the same patents-in-suit and technology at issue in this case; and 2) the Northern District of Illinois has

---

[8]   Under the facts of this case, it appears the access to premises that might have to be viewed, the possibility of an unfair trial, and the possibility of harassment are not at issue for no party mentioned these concerns in the filings before the Court or during oral argument.

past experience litigating these patents and the technology at issue. Motion to Transfer at 15, ECF No. 57. As to the first reason, the two pending actions currently before the Northern District of Illinois are the *Hotels.com* litigation and the *Costar* litigation. The *Hotels.com*[9] infringement litigation began in 2006, Case No. 1:05cv6869, and currently a contract counterclaim is still pending, ECF No. 58, Exhibit 16. The second pending litigation, the *Costar* litigation, began on June 21, 2012 when Costar[10] filed suit for declaratory judgment of non-infringement and invalidity against Civix regarding the patents-in-suit. Civix has responded by filing a Motion to Transfer the *Costar* litigation to the Eastern District of

---

[9]    Civix brought this patent infringement action in December of 2006 against Defendants Hotels.Com, LP, Hotels.Com GP, LLC, and other companies that are no longer parties to the lawsuit. ECF No. 58, Exhibit 10. In October of 2010, the Illinois district court (Judge St. Eve) construed eight disputed claim terms of the '622 and '291 patents. Id., Exhibit 13 at 2. On August 19, 2011, the Illinois court granted the Defendants' Motion for Summary Judgment. Id. Thus, all parties believed the *Hotels.com* litigation was over until the Federal Circuit issued an Order on May 1, 2012 noting that the district court never ruled on the counterclaims and didn't certify the judgment as final pursuant to Rule 54(b). Id., Exhibit 14. Most recently, on June 12, 2012, Judge St. Eve denied Civix's Motion for Entry of Judgment pursuant to Rule 54(b) and held that the remaining contract counterclaim was interrelated to the issues of infringement. Id., Exhibit 16. Thus, trial on the remaining claim has been scheduled for January 22, 2013.

[10]    As mentioned earlier in this opinion, Costar recently acquired Loopnet as a wholly-owned subsidary. Civix attempted to amend their Complaint to include Costar as an additional defendant, but such motion was denied through an order issued by Magistrate Judge Douglas E. Miller on June 21, 2012. ECF No. 52.

Virginia.    This motion is fully briefed and became ripe on August 23, 2012. See Case No. 1:12cv4968 (N.D. IL), ECF No. 22. As to the second reason, Civix has repeatedly filed suit in the Northern District of Illinois over the last decade. Therefore, that district has a history with the patents-in-suit and the technology at issue as it has litigated these issues several times.[11]

Civix argues that the interests of justice weigh against transfer because: 1) Loopnet waited eight months to file this Motion to Transfer and thus has delayed in bringing the motion; 2) docket congestion considerations favor keeping the case in this jurisdiction as the Northern District of Illinois has a heavier docket and a slower time to trial; and 3) even if the case was transferred, there is no guarantee it would be assigned to a judge familiar with the patents-at-issue.

The Court first finds that any prejudice suffered by Plaintiff due to Loopnet's purported delay in filing this motion will be minimal and is not sufficient cause to deny transfer. Although delay can be a factor in the Court's determination, there is no time-limit on the filing of a motion to transfer. See 28 U.S.C. § 1404(a); Zurich Am. Ins. Co. v. Ace Am. Ins. Co., 2010 U.S. Dist. LEXIS 128074, *14-15 (W.D.N.C. Dec. 3,

---

[11] Defendant Loopnet's exhibits demonstrate Civix filed patent infringement suits in the Northern District of Illinois in 1999, 2003, 2004, 2005 and 2010. See ECF No. 58, Exhibits 1-5, 10.

2010).   While it is true discovery is underway, the case is still at the beginning stages of its lifecycle and the Court has not yet conducted a <u>Markman</u> hearing and has not ruled on any dispositive motions.[12]   Furthermore, Loopnet has explained that its delay in filing was in part due to the recent revival of the *Hotels.com* litigation on June 12, 2012 as well as the newly filed *Costar* litigation on June 21, 2012.   Next, the Court notes that Plaintiff's argument as to the relative docket congestion between the Eastern District of Virginia and the Northern District of Illinois is not strong enough to deny transfer.[13] This court has previously explained that:

> Docket conditions, while a consideration, cannot be the primary reason for retaining a case in this district.   This Court cannot stand as a willing repository for cases which have no real nexus to this district.   The "rocket docket" certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.

<u>Cognitronics</u>, 83 F. Supp. 2d at 699 (E.D. Va. 2000).   Thus, when a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in this district primarily because

---

[12]   The <u>Markman</u> hearing in this case is currently scheduled for October 16, 2012 and a jury trial is set to begin on February 5, 2013.
[13]   The Court notes that Plaintiff's assertion that the Northern District of Illinois has a heavier docket than the Eastern District of Virginia is questionable.   The statistics show that the number of filings per judge in 2011 was 466 in the Northern District of Illinois compared to 472 per judge in the Eastern District of Virginia.   ECF No. 54, Exhibits E & F.

it is known as the "rocket docket," the interest of justice "is not served." Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 572 (E.D. Va. 2005).

Last, the Plaintiff argues that Loopnet's related litigation argument is undermined by the fact that there is no guarantee this case will be assigned to Judge St. Eve (the Hotels.com litigation Judge) if this Court chooses to transfer to the Northern District of Illinois. However, assignment of a related case to a specific judge does not appear to be a factor this Court needs to consider.[14] This Court's job instead is to appreciate that where a district court has previously litigated the same patents-in-suit in a case involving similar issues and facts, that court "is likely to be familiar with the facts of the case" and as a matter of judicial economy, "such familiarity is highly desirable." U.S. Ship Mgmt, 357 F. Supp. 2d at 938.

---

[14] Nevertheless, in the Northern District of Illinois, on motion by any party to the case, a case may be reassigned to another judge who has a related case if: "1) both cases are pending in this Court; 2) **the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort**; 3) the earlier case has not progressed to the point where designating a later filed case as related would likely delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding." N.D. IL Civil Local Rule 40.4(b) (emphasis added) (listing conditions of reassignment). Therefore, based on the above factors of local Rule 40.4, it appears to this Court that there is a possibility that if this case is transferred to the Northern District of Illinois it will be assigned to Judge St. Eve.

"Litigation in the same court avoids duplicative litigation where one court has already invested 'substantial time and energy' in a case." Id. Therefore, on balance, it appears judicial economy and the interests of justice favor transfer to the Northern District of Illinois as that district has "already committed judicial resources to the contested issue and is familiar with the facts of the case." Samsung, 386 F. Supp. 2d at 722.

In sum, the connection between this case and the two related pending cases in the Northern District of Illinois warrants transfer to that district. Plaintiff could have brought its claim in the Northern District of Illinois. Plaintiff's choice of forum and "convenience to the parties and witnesses" is accorded little weight where its sole connection to this forum is a single employee and where it has been litigating the same patents-at-issue in the Northern District of Illinois for the past decade. In contrast, the "interest of justice" and judicial economy clearly favor transferring this case to the Northern District of Illinois. Although the burden on the party seeking a transfer is a heavy one, in this case, after balancing the Section 1404(a) factors, the Court finds that the burden has been met.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Loopnet's Motion to Transfer Venue and **TRANSFERS** this case to the U.S. District Court for the Northern District of Illinois for all further proceedings.

The Court **DIRECTS** the Clerk of the Court to send copies of this Opinion and Order to counsel of record and to forward the entire case file to the U.S. District Court for the Northern District of Illinois.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 30, 2012